IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES PEREIRA, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 4:25-cv-01541 |
| U.S. BANK NA, | § § § | |
| *Defendant.* | § | |

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Barclays Mortgage Trust 2021-NPL1, Mortgage Backed Securities, Series 2021-NPL1 (incorrectly named herein as U.S. Bank NA)("Defendant") files this Motion to Dismiss in response to Plaintiff James Pereira's ("Plaintiff") Original Petition and Application for Temporary Restraining Order [Doc. 1-4] (the "Complaint") and respectfully shows the Court the following:

**I. INTRODUCTION**

1. Plaintiff sued Defendant to stop the foreclosure on the property located at 910 Vista Bend Drive, Houston, Texas 77073 ("Property"), scheduled for March 4, 2025, despite his admitted default in paying in accordance with the terms of the Note and Deed of Trust (the "Loan Agreement") secured by that Property. Plaintiff obtained a temporary restraining order ("TRO") to prevent the sale of the Property based on a sole cause of action for breach of contract. The foreclosure sale was then cancelled and Defendant removed the case to this Court [Doc. 1].

## II. STATEMENT OF THE ISSUES

2.      Defendant files this Motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Plaintiff's claim fails due to the following:

    a. Plaintiff's claim for breach of contract fails because (1) Plaintiff himself is in breach, (2) Plaintiff does not specify what portion of the Deed of Trust or Note was allegedly breached, and (3) Plaintiff has no damages attributable to any complained of breach; and

    b. Plaintiff is not entitled to injunctive relief because it is not an independent claim and Plaintiff's breach of contract claim does not support an injunction.

## III. FACTUAL BACKGROUND

3.      Plaintiff James Pereira is the owner of the Property made subject of this suit, subject to the payment of the mortgage secured thereby. *See* Pl.'s Cmplt. In order to obtain the Property, Plaintiff executed a Note and Deed of Trust, the Deed of Trust being recorded in the Official Public Records of Harris County, Texas and securing payment of the Note against the Property. U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Barclays Mortgage Trust 2021-NPL1, Mortgage Backed Securities, Series 2021-NPL1, incorrectly named herein as U.S. Bank NA is the beneficiary of the Deed of Trust.

4.      Plaintiff concedes the Property was noticed for foreclosure sale on March 4, 2025. However, Plaintiff filed this lawsuit to stop the foreclosure sale and obtained a temporary restraining order which prevented that foreclosure sale. *See* Pl.'s Cmplt. [Doc. 1-4].

5.      Plaintiff bases his claim on the allegation that Defendant allegedly refused to take Plaintiff's late payments on the loan, admitting that he is in default. *See* Plaintiff's Complaint [Doc.

1-4, Page 5]. Based on these erroneous arguments, Plaintiff asserts a cause of action for breach of contract. [Doc. 1-4, Page 5]. Plaintiff's breach of contract claim fails as a matter of law and he is not entitled to injunctive relief.

## IV. ARGUMENT AND AUTHORITIES

### A. Standard of Review

6. Plaintiff's Complaint should be dismissed for failure to state a claim. In order to survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A 12(b)(6) motion is proper if either the Petition fails to assert a cognizable legal theory or the facts asserted are insufficient to support relief under a cognizable legal theory. *See Stewart Glass & Mirror, Inc. v. U.S.A. Glas, Inc.*, 940 F.Supp.1026, 1030 (E.D. Tex. 1996). "However, conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as factual allegations will not suffice to prevent the granting of a motion to dismiss." *Percival v. American Home Mortgage Corp.*, 469 F.Supp.2d 409, 412 (N.D. Tex. 2007). "[A] plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim." *Kane Enters v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). While the allegations need not be overly detailed, a plaintiff's pleadings must still provide the grounds of his entitlement belief, which "requires more than labels and conclusions, and a formulaic recitation of the elements will not do." *Twombly*, 127 S. Ct. at 1964-1965; *see also Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id.*; *Nationwide Bi–Weekly Admin., Inc. v. Belo Corp.,* 512 F.3d 137, 140 (5th Cir. 2007).

**B.     Plaintiff's Breach Claim Fails.**

7.     Plaintiff bases his breach of contract claim solely on the allegation that Defendant refused to accept late payments yet admits he is in default. See Plaintiff's Complaint at ¶ 19. [Doc. 1-4]. This claim fails.

8.     To prevail on a breach of contract claim in Texas, the Plaintiff must prove: (1) the existence of a valid contract; (2) that plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that plaintiff was damaged as a result of the breach. *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018). Plaintiff cannot meet the elements of his claim.

9.     First, Plaintiff is required to identify the specific provision in the contract (here the Note and Deed of Trust) that was breached. "[A] claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached." *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) (applying Texas law); *Guajardo v. JP Mogan Chase Bank, N.A.,* 605 Fed. Appx. 240 (5th Cir. 2015). Plaintiff fails to identify which provision of the note or any deed of trust he claims Defendant allegedly breached. Plaintiff points to no provision in the alleged contract that Defendant supposedly breached, without this, Plaintiff has failed to sufficiently allege a breach of contract claim. *See Suissi v. Wells Fargo Bank,* No. 3:22-cv-01545, 2023 U.S. Dist. LEXIS 53613 (S.D. Tex. Mar. 29, 2023).

10.    Next, Plaintiff cannot maintain any action for breach because he himself is admittedly in breach of contract and he cannot deny that he was in default prior to foreclosure. *See generally* Plaintiff's Complaint [Doc. 1-4].[1] Plaintiff therefore lacks an essential element to the breach of contract claim. *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990). A party to a

---

[1] *See* Plaintiff's Complaint [Doc. 1-4].

contract who is himself in breach cannot maintain a suit for its breach. *Leonard v. Hooda*, No. 4:23-cv-00534, 2023 U.S. Dist. LEXIS 225487 (N.D. Tex. Dec. 19, 2023)(dismissing borrower's claim for breach when admittedly in default of loan); *Metcalf v. Deutsche Bank Nat'l Tr. Co.*, No. 3:11-CV-3014, 2012 U.S. Dist. LEXIS 88331 (N.D. Tex. June 26, 2012). "With this basic principle in mind, federal courts routinely dismiss breach of contract actions brought by borrowers in default." *Daigle v. AmeriHome Mortg. Co.*, No., 2023 U.S. Dist. LEXIS 214862 (S.D. Tex. Dec. 4, 2023); *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) (holding dismissal of breach of contract claim was proper where plaintiffs were delinquent on their loan payments); *May v. Wells Fargo Home Mortg.*, No. 3:12-CV-4597, 2013 U.S. Dist. LEXIS 84508 (N.D. Tex. June 17, 2013) ("[W]here the plaintiff has failed to perform a duty under the contract, such as the duty to pay his mortgage, he cannot maintain a breach of contract action."); *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016) (affirming trial court's dismissal of breach of contract claim because borrower was in default on the mortgage and "failed to allege any facts showing her own performance" under the loan contract). Plaintiff's breach of contract claim fails because he cannot deny his default and/or cannot establish that he was excused from performance under the Loan Agreement.

11.   Finally, Plaintiff's breach claim fails because he has failed to plead damages. Even if Plaintiff identified the portion of the contract allegedly breached, Plaintiff has not suffered damages stemming from the alleged breach. Plaintiff has not been dispossessed of the Property. The foreclosure has not taken place due to Plaintiff obtaining the TRO, therefore any damages are "speculative" and do not satisfy the damage element required for a breach of contract claim. Where foreclosure has not occurred, Plaintiff's damages are at most a threat of damages as opposed to actual damages that would satisfy the damages element of a breach of claim contract. *See De La*

*Mora v. CitiMortgage, Inc.*, No. 7:17-cv-468, No. 7:17-CV-468, 2015 U.S. Dist. LEXIS 184231 (S.D. Tex. Jan. 26, 2015) ("Plaintiff cannot show damages resulting from any such breach because no foreclosure sale has occurred."). When a party alleges that the breach of a mortgage contract would result in an improper foreclosure, he or she cannot recover damages if no foreclosure has taken place. *See Wells Fargo Bank, N.A. v. Robinson*, 391 S.W.3d 590, 594 (Tex. App.—Dallas 2012, no pet.). No foreclosure has occurred, and Plaintiff cannot establish damages. Accordingly, Plaintiff failed to allege a plausible breach of contract claim in this case.

**C.     Plaintiff Not Entitled to Injunctive Relief.**

12.     Finally, Plaintiff also seeks injunctive relief precluding Defendant from foreclosing on the Property. A request for injunctive relief, however, is not a cause of action itself, but is dependent on an underlying cause of action. Injunctive relief is unavailable when all other claims have been dismissed. See *Reyes v. N. Tex. Tollway Auth.*, 861 F.3d 558, 565 n.9 (5th Cir. 2017) (requests for declaratory relief "must be supported by some underlying cause of action"); *Torres-Aponte v. JP Morgan Chase Bank, N.A.*, 639 F. App'x 272, 274 (5th Cir. 2016) (per curiam) ("Injunctive relief is a remedy and not an independent cause of action under Texas law.").

13.     Texas courts recognize that an injunction is a remedy—not a standalone cause of action. See *Kara v. Waterfall Victoria Master Fund, Ltd.*, No. CV SA-16-CA-1265-FB, 2017 U.S. Dist. LEXIS 223920 (W.D. Tex. Sept. 25, 2017) (citations omitted) ("The absence of a viable substantive [*11] claim also requires the denial of plaintiffs' request for injunctive relief."); see also *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 n.15 (5th Cir. 2012) ("[A] request for injunctive relief absent an underlying cause of action is fatally defective." (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)). Because Plaintiff has not asserted any viable causes

of action against Defendant, Plaintiff is not entitled to any injunctive relief and such request should be denied.

## V.  CONCLUSION

Plaintiff fails to state a claim upon which relief can be granted. Accordingly, Defendant U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Barclays Mortgage Trust 2021-NPL1, Mortgage Backed Securities, Series 2021-NPL1, incorrectly named herein as U.S. Bank NA respectfully requests that its Motion to Dismiss be granted and Plaintiff James Pereira's suit be dismissed with prejudice. Defendant further requests all relief, at law or in equity, to which it is entitled.

Respectfully submitted,

By:  /s/ *Shelley L. Hopkins*
Shelley L. Hopkins
State Bar No. 24036497
SD ID No. 926469
HOPKINS LAW, PLLC
2802 Flintrock Trace, Suite B103
Austin, Texas 78738
(512) 600-4320
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP - *Of Counsel*
ShelleyH@bdfgroup.com
shelley@hopkinslawtexas.com

Robert D. Forster, II
State Bar No. 24048470
SD ID No. 2647781
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 386-5040
RobertFO@bdfgroup.com

**ATTORNEYS FOR DEFENDANT**

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of April 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

***VIA ECF:***
Gregory T. Van Cleave
The Law Office of Albert W. Van Cleave, III PLLC
1520 W. Hildebrand
San Antonio, Texas 78201
Greg_v@vancleavelegal.com

**ATTORNEY FOR PLAINTIFF**

                                                                     */s/ Shelley L. Hopkins*
                                                                       Shelley L. Hopkins